Dear Mr. Bussey:
Your request for an Attorney General Opinion has been forwarded to me for research and reply. In particular, you have asked the following question:
 Does detection of a drug scent on an individual, by a K-9 police dog, constitute either the reasonable suspicion required to stop, or the probable cause to search that individual?
There is a long line of jurisprudence that emphasizes the fundamental difference between using trained dogs to detect narcotics in inanimate objects, and using them to detect drugs on persons themselves. In United States v. Place, 103 S.Ct. 2637,2639 (1983), the Supreme Court held that exposure of inanimate objects, such as luggage, to a trained canine "did not constitute a `search' within the meaning of the Fourth Amendment." Therefore there is no Constitutional requirement of "reasonable suspicion" for canine sniffs of inanimate objects. While there is no definitive Louisiana jurisprudence on this issue, Horton v. GooseCreek Independent School District, 690 F.2d 470 (5th Cir. 1982), sets forth policy reasons for treating the canine sniff of persons differently, including the fact that it "offends reasonable expectations of privacy." The court held that because the degree of intrusiveness is so high, canine sniffing of a person is a "search" under the Fourth Amendment, and "an individualized reasonable suspicion is required in order for the sniffing to be Constitutional." That is, a K-9 police dog alarming to drug possession does not of itself constitute "reasonable suspicion," since the reasonable suspicion of wrong-doing must exist before any dog sniff can occur. By using such broad language, the court meant that a canine sniff, based on no prior suspicion or cause, not only fails to meet the standard of "reasonable suspicion" required for a stop, but obviously falls short of the higher standard of probable cause required for a search. See L.S.A. — C.Cr.P. art. 215.1. There are differing opinions in other Federal Circuits, but the view taken in Horton is the dominant one, espoused by the majority of jurisdictions. This office first dealt explicitly with the issue of canine sniffs and reasonable suspicion in Attorney General Opinion No. 86-168, which reflected this same analysis.
Having reviewed the Horton case and its progeny, it is the opinion of this office that using a K-9 dog to detect drug scent on a person, constitutes a search of the person. Since reasonable suspicion of wrong-doing must exist before a valid dog sniff can occur, a dog sniff cannot be used to establish reasonable suspicion to conduct a stop, nor the probable cause to conduct a search, pursuant to L.S.A. — C.Cr.P. art. 215.1. Further, the analysis and conclusions applied in Attorney General Opinion No. 86-168 are maintained by this office as being authoritative.
I hope this opinion has adequately addressed your questions. If this office can be of further assistance, please do not hesitate to contact us. With warmest regards, I am
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ FREDERICK A. DUHY, JR. Assistant Attorney General